## Appeal of LOUIS ROESSEL & CO., LTD.

Docket No. 1009.    Submitted February 18, 1925.    Decided October 30, 1925.

1. The taxpayer, a Canadian corporation, was engaged in selling silk products for a partnership located in the United States, to which it made advances from time to time and as a result suffered losses on account of exchange. *Held*, that a taxpayer not a dealer in exchange is not entitled to place a valuation on its losses on account of exchange standing on its books at the close of the year and take a deduction therefor, since that process would amount to an inventory valuation of an account receivable by a taxpayer not a dealer in exchange. *Held, further*, that the loss on closed transactions during the year was not less than $1,184.88, and, in the absence of further evidence, that amount should be allowed as a deduction from gross income.

2. The president of a foreign corporation spent half his time negotiating loans and discounts for the purpose of securing funds for making advances to an American partnership, the sole income of the corporation from sources within the United States being derived from such advances. *Held,* the foreign corporation should be allowed to deduct one-half of the salary paid its president.

*Edmonds Putney, Esq.,* for the taxpayer.
*Arthur H. Fast, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in tax for the year 1918 in the amount of $1,401.93. The issues are whether a foreign corporation may deduct from income, arising from sources within the United States, losses on exchange, and a portion of its general operating expenses.

### FINDINGS OF FACT.

The taxpayer is a Canadian corporation, having its principal place of business in the City of Toronto.

During the year 1918, Carl A. Roessel, L. Otto E. Roessel, and M. L. Roessel were members of a partnership engaged in business in the United States, principally as manufacturers' agents for the sale of silk products. The principal office of the partnership was at 14 East Twenty-third Street, New York City, and it operated a small manufacturing plant in New Jersey. The taxpayer was the Canadian selling organization, deriving its income exclusively from the sale of the products handled by the partnership and manufactured both in the United States and abroad. During the taxable year in question, and for some time prior thereto, the resources of the taxpayer were used to assist in financing the operations of the partnership. On January 1, 1918, the indebtedness of the partnership to the taxpayer amounted to $203,377.47. During that year total advances were made in the amount of $725,012.99, and at the close of the year the total indebtedness was $255,476.09.

During the taxable year, Max L. Roessel, residing in Toronto, Canada, was president of the taxpayer, and devoted substantially half of his time to its business, concerning himself principally with the procuring of loans and discounting of commercial paper, whereby the taxpayer was enabled to make the advances above mentioned to the American partnership. His salary during the year was $15,000.

The sole income of the taxpayer derived from sources within the United States consisted of interest paid upon the advances to the American partnership in the amount of $13,232.77.

During the year 1918 the taxpayer paid interest in a total amount of $21,017.62, of which amount the sum of $1,550.05 was allocated as expense of earning the income from the United States under the provisions of section 234(a) (2) of the Revenue Act of 1918.

In connection with transmitting funds from time to time from Toronto and Montreal to New York, for the use of the American partnership, the taxpayer paid exchange during the year 1918 in the amount of $13,084.25. During the same year the American partnership remitted in American dollars to the taxpayer various sums upon which it realized in premiums $6,498.63.

The total general expenses of the taxpayer during the year amounted to $59,187.16, consisting of rent paid in Canada in the amount of $2,335.06, salaries paid in Canada, $12,049, and salaries paid in New York, $36,910, and general expenses, $8,103.95, paid partly in Canada and partly in the United States.

The item of salaries above mentioned, totaling $48,959, was arbitrarily reduced by the taxpayer to $48,748.15 in American dollars, as above set forth, on account of exchange between the United States and Canada.

The salary of a bookkeeper was paid in New York amounting to $1,910, the general books being kept in the New York office.

During the taxable year the taxpayer paid exchange, including the exchange on remittances to the American partnership, as above set forth, in a total amount of $15,438.39, realized gains from exchange of $6,498.63, and charged the balance, $8,939.36, to profit and loss as of December 31, 1918.

Exchange paid on the last $255,476.09 remitted to the United States during the year 1918 totaled $5,381.48, and was included in the amount of $13,084.25 above set forth. The balance of $7,702.77 represented exchange paid on remittances to the United States during the year and during that year repaid with counter exchange gained, in the amount of $6,498.62, showing a net excess of exchange paid upon such remittances over exchange received of $1,204.14.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, in accordance with Rule 50.

### OPINION.

JAMES: The taxpayer claims that it should be allowed to deduct as a loss on account of exchange connected with its American income the difference between exchange paid on mailing the remit-

tances to New York, in the amount of $13,084.25, and the exchange realized on remittances from New York to Toronto, in the amount of $6,498.63, or $6,585.62 less 1¾ per cent of that amount, or $6,470.37, 1¾ per cent being the discount rate on December 31, 1918. The taxpayer also claims that a certain amount of its general expenses should be allocated to its income from sources within the United States.

On the first point we are unable to agree with the taxpayer. It appears that during the taxable year it expended a greater amount in exchange on account of remittances to the United States than it realized in gains on remittances from the United States. The taxpayer submitted evidence showing the exchange payments on account of these remittances, but submitted no evidence of exchange paid upon the amount due at the beginning of the year, which represented an investment by the taxpayer in American dollars. Without this information, it is impossible to compute with accuracy the gain or loss on exchange transactions closed by the collection thereof during the year 1918. It is possible, under the circumstances of this appeal, to ascertain definitely that the taxpayer sustained a loss upon the difference between $7,702.77 and $6,498.63, or $1,204.14, plus the excess, if any, upon exchange remittances to the United States, upon prior-year transactions remaining unpaid at the beginning of 1918. Since all of the gain on exchange transactions during 1918 is known and reported at $6,498.63, it is obvious that the taxpayer lost at least the above amount of $1,204.14 in terms of Canadian dollars during the year, and that amount, reduced from Canadian dollars to American dollars at the average rate of exchange paid during the year, should be allowed as a deduction in computing net income from sources within the United States. This amount in terms of American dollars is $1,184.88.

In respect of the amount of $5,381.48, representing exchange paid to remit to the United States $255,476.09, no gain or loss was realized as of the close of 1918, but gain or loss should be computed in the manner shown above during the year 1919 or subsequent years, as these amounts were repaid, and any losses then sustained will be allowable deductions in connection with the year in which the transactions were closed.

Upon the second point, we believe the taxpayer should be allowed to deduct one-half of the salary paid to Max L. Roessel, its president, on account of services rendered in the earning of the American income, this deduction being $7,500. It appears from the evidence that the taxpayer was a selling organization created for the convenience of the American partnership. Being a selling organization, it was naturally in receipt of large amounts derived from sales of mer-

chandise in Canada, and it was sought by the partnership and the taxpayer to place these amounts at the disposal of the principal organization in the United States. These transactions gave rise to the sole income of the taxpayer from sources within the United States. The uncontradicted testimony of M. L. Roessel is to the effect that he spent substantially half his time in Canada negotiating for loans and for discounts of commercial paper derived by the taxpayer from its sales in Canada, for the purpose of placing these funds at the disposal of the American partnership, and incidentally earning the gross income which gave rise to the instant controversy. Under these circumstances, we are of the opinion that there should be allocated $7,500 of his salary as a deduction from gross income derived from sources within the United States.