*1143 OPINION.
James:
The taxpayer claims that it should be allowed to deduct as a loss on account of exchange connected with its American income the difference between exchange paid on mailing the remit *1144 tances to New York, in the amount of $13,084.25, and the exchange realized on remittances from New York to Toronto, in the amount of $6,498.63, or $6,585.62 less 1% per cent of that amount, or $6,470.37, 1% per cent being the discount rate on December 31, 1918. The taxpayer also claims that a certain amount of its general expenses should be allocated to its income from sources within the United States. '
On the first point we are unable to agree with the taxpayer. It appears that during the taxable year it expended a greater amount in exchange on account of remittances to the United States than it realized in gains on remittances from the United States. The taxpayer submitted evidence showing the exchange payments on account of these remittances, but submitted no evidence of exchange paid upon the amount due at the beginning of the year, which represented an investment by the taxpayer in American dollars. Without this information, it is impossible to compute with accuracy the gain or loss on exchange transactions closed by the collection thereof during the year 1918. It is possible, under the circumstances of this appeal, to ascertain definitely that the taxpayer sustained a loss upon the difference between $7,702.77 and $6,498.63, or $1,204.14, plus the excess, if any, upon exchange remittances to the United States, upon prior-year transactions remaining unpaid at the beginning of 1918. Since all of the gain on exchange transactions during 1918 .is known and reported at $6,498.63, it is obvious that the taxpayer lost at least the above amount of $1,204.14 in terms of Canadian dollars during the year, and that amount, reduced from Canadian dollars to American dollars at the average rate of exchange paid during the year, should be allowed as a deduction in computing net income from sources within the United States. This amount in terms of American dollars is $1,184.88.
In respect of the amount of $5,381.48, representing exchange paid to remit to the United States $255,476.09, no gain or loss was realized as of the close of 1918, but gain or loss should be computed in the manner shown above during the year 1919 or subsequent years, as these amounts were repaid, and any losses then sustained will be allowable deductions in connection with the year in which the transactions were closed.
Upon the second point, we believe the taxpayer should be allowed to deduct one-half of the salary paid to Max L. Roessel, its president, on account of services rendered in the earning of the American income, this deduction being $7,500. It appears from the evidence that the taxpayer was a selling organization created for the convenience of the American partnership. Being a selling organization, it was naturally in receipt of large amounts derived from sales of mer *1145 chandise in Canada, and it was sought by the partnership and the taxpayer to place these amounts at the disposal oí the principal organization in the United States. These transactions gave rise to the sole income of the taxpayer from sources within the United States. The uncontradicted testimony of M. L. Roessel is to the effect that he spent substantially half his time in Canada negotiating for loans and for discounts of commercial paper derived by the taxpayer from its sales in Canada, for the purpose of placing these funds at the disposal of the American partnership, and incidentally earning the gross income which gave rise to the instant controversy. Under these circumstances, we are of the opinion that there should be allocated $7,500 of his salary as a deduction from gross income derived from sources within the United States.